IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JEROME THOMAS, | ) | Civil Action No. | 2:20-cv-479 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| MUNICIPALITY OF BETHEL PARK, | ) | | |
| TIMOTHY O'CONNOR, individually, | ) | | |
| ROBERT FASSINGER, individually, | ) | JURY TRIAL DEMANDED | |
| | ) | | |
| Defendants. | ) | Electronically Filed. | |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, JEROME THOMAS, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows.

JURISDICTION AND VENUE

1.     This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.     This action is brought against the Defendants for violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3.     Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

4.     Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.    Plaintiff, Jerome Thomas, is an adult individual who resides in Allegheny County, Pennsylvania.

6.    Defendant, Municipality of Bethel Park ("Bethel Park"), is a Pennsylvania municipal corporation with offices located at 5100 West Liberty Avenue, Bethel Park, Pennsylvania 15102.

7.    Defendant, Timothy O'Connor ("O'Connor"), is a United States citizen. Plaintiff believes, and therefore avers, that Defendant O'Connor is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant O'Connor was the chief of police employed by the Municipality of Bethel Park, with offices located at 5100 West Liberty Avenue, Bethel Park, Pennsylvania 15102, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Municipality of Bethel Park.

8.    Defendant, Robert Fassinger ("Fassiger"), is a United States Citizen.  Plaintiff believes, and therefore avers, that Defendant Fassinger is a resident of Allegheny County, Pennsylvania. At all times relevant to this Complaint, Defendant Fassinger was a state parole officer employed by the Commonwealth of Pennsylvania, with a regional office located at 8362 Sharon-Mercer Road, Mercer, Pennsylvania 16137, and a local office located at 134 Enterprise Street, Pittsburgh, Pennsylvania 15206, purporting to act within the full scope of his authority and office, and under color of law and pursuant to the statutes, ordinances, regulations, and customs and usages of the Commonwealth of Pennsylvania.

FACTUAL ALLEGATIONS

9.    Plaintiff suffers from mental health issues, including, but not limited to, paranoia.

10.    In or about 2018, Plaintiff was on parole.

11.     On or about April 6, 2018, parole officers, including, but not limited to, Defendant

Fassinger, arrived at Plaintiff's wife's residence in order to detain the Plaintiff for failing to

report while on electronic monitoring.

12.     Upon the arrival of the parole officers, Plaintiff became extremely anxious and panicked.

As a result, Plaintiff entered the attic of the residence.

13.     Parole officers at the residence then contacted Defendant Bethel Park's police department

for assistance.

14.     Shortly thereafter, at or around 1 p.m., law enforcement officers, including, but not

limited to, Defendant O'Connor, arrived at the residence.

15.     Defendants O'Connor and/or Fassinger knew, or should have known, through the

exercise of reasonable care, that Plaintiff suffers from mental health issues.

16.     Defendants O'Connor and Fassinger then entered the attic of the residence where

Plaintiff was positioned.

17.     At that time, Plaintiff was in his boxers and positioned laying on his back between two

floor joints.

18.     As the Defendants entered the attic, Plaintiff put his hands up.  Plaintiff did not act in a

dangerous or threatening manner during this interaction.

19.     Plaintiff attempted to follow the instructions of the Defendants, however because he was

positioned between two floor joints, his mobility was limited.

20.     At that time, without provocation or justification, Defendant O'Connor violently and

repeatedly struck the Plaintiff in the face with his fist approximately three (3) times

21.     Throughout his assault of the Plaintiff, as more fully described herein, Defendant O'Connor made statements to the Plaintiff including, but not limited to, "Shut the fuck up, nigger!"

22.     Defendant Fassinger observed Defendant O'Connor's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

23.     Plaintiff remained lying down during Defendant O'Connor's unlawful assault, as described hereinbefore above.

24.     During this time, Plaintiff was not a threat to the Defendants and/or any other member of the community.

25.     Defendant Fassinger then began to handcuff the Plaintiff.

26.     At that time, without provocation or justification, Defendant O'Connor violently and repeatedly struck the Plaintiff in the abdomen approximately four (4) times.

27.     Defendant Fassinger again observed Defendant O'Connor's unnecessary and unlawful behavior and took no action to stop him, despite having the opportunity to do so.

28.     Plaintiff remained lying down during Defendant O'Connor's unlawful assault, as described hereinbefore above.

29.     Plaintiff was not a threat to the Defendants and/or any other member of the community.

30.     Defendant O'Connor's actions, as described hereinbefore above, caused significant injuries and damage to Plaintiff's head, face and abdomen.

31.     As a direct and proximate result of the Defendants' conduct and Defendant O'Connor's assault on the Plaintiff, Plaintiff suffered significant head trauma and hemorrhaging for which he received medical care at Saint Clair Hospital and UPMC Presbyterian Hospital.

32.     Furthermore, Plaintiff suffered, and continues to suffer, from significant, ongoing and long-lasting injuries as a direct and proximate result of the Defendants' conduct and Defendant O'Connor's unlawful assault on the Plaintiff.

33.     Plaintiff suffered, and continues to suffer, from significant mental and emotional distress as a direct and proximate result of the actions of Defendants O'Connor and Fassinger.

34.     Plaintiff has actual knowledge of occurrences involving Defendant O'Connor and other law enforcement officers employed by Defendant Bethel Park that are substantially similar to that of Defendant O'Connor's illegal and excessive behavior, as described hereinbefore above.

35.     Defendant Bethel Park has a duty to properly train, control, discipline and/or supervise its employees, officers and agents, including Defendant O'Connor.

36.     More specifically, Defendant Bethel Park has a duty to properly train the named Defendant to prevent the use of excessive force.

37.     Plaintiff believes, and therefore avers, that Defendant Bethel Park knew, or should have known, that Defendant O'Connor previously engaged in illegal, aggressive and excessive conduct substantially similar to that described hereinbefore above towards other citizens, which resulted in additional civil rights violations to those citizens.

38.     Plaintiff also believes, and therefore avers, that Defendant Bethel Park allowed Defendant O'Connor to engage in a course, pattern, or practice of improper, unlawful and malicious conduct, and that it ratified, endorsed, acquiesced to or approved of the named Defendants' unlawful conduct. In so doing, Defendant Bethel Park failed in its duty to properly train, control, and supervise Defendant O'Connor.

39.     Furthermore, as chief of police for Defendant Bethel Park, Defendant O'Connor purported to act as a policy maker and/or decision maker for Defendant Bethel Park.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>EXCESSIVE FORCE</u>

40.     Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth at

length herein.

41.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

the above-captioned Defendants for violations of Plaintiff's constitutional rights under color of

law.

42.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from excessive, unreasonable and

unjustified force by the Defendants.

43.     Defendant O'Connor unlawfully and excessively assaulted the Plaintiff without

provocation or justification, as described more fully hereinbefore above.

44.     Defendant Fassinger observed Defendant O'Connor's unnecessary and unlawful behavior

and failed to intervene.  Defendant Fassinger's failure to intervene caused the Plaintiff further

injury.

45.     The excessive, unreasonable and unjustified force used by Defendants O'Connor against

the Plaintiff constituted a violation of Plaintiff's rights as guaranteed under the Fourth

Amendment to the United States Constitution.

46.     At no time during the excessive and illegal conduct by the individual Defendants was the Plaintiff an immediate threat to the safety of the individual Defendants or any other members of the community.

47.     At no time were the excessive actions of the individual Defendants reasonable or warranted.

48.     Furthermore, the excessive and aggressive actions of individual Defendants directly resulted in the Plaintiff suffering severe and ongoing physical damage.  The individual Defendants' illegal and excessive conduct has directly caused the Plaintiff to suffer significant injuries.

49.     Defendant Bethel Park had a duty to properly train, control, discipline and/or supervise its agents, including the Defendants.  Defendant Bethel Park's failure in that duty directly resulted in Plaintiff's damages.

50.     Furthermore, as chief of police for Defendant Bethel Park, Defendant O'Connor purported to act as a policy maker and/or decision maker for Defendant Bethel Park.

51.     The individual Defendants' actions were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants to punitive damages.

52.     The named Defendants, and each of them, acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

53.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

    a.      violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

    b.      extreme physical pain and suffering;

    c.      fright, horror and shock;

d.      emotional trauma and suffering; and

e.      economic damages related to any and all medical and/or other
        consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the

Defendants, and each of them, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory

relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT BETHEL PARK

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

MUNICIPAL LIABILITY

54.     Plaintiff incorporates by reference Paragraphs 1 through 53 as though fully set forth at

length herein.

55.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against

Defendant Bethel Park for violations of Plaintiff's constitutional rights under color of law.

56.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth Amendment to

the United States Constitution, Plaintiff had the right to be free from the use of excessive force.

57.     Defendant Bethel Park has a duty to properly train, control, and supervise its police

officers, including Defendant O'Connor.

8

58.     By the failure to properly train, control and/or supervise Defendant O'Connor, Defendant Bethel Park created a substantial risk of the constitutional violations identified herein.

59.     Defendant Bethel Park failure to properly train, control and/or supervise its officers has led to a pattern and practice of improper, unlawful and malicious use of excessive force perpetrated by the Defendant O'Connor.

60.     Furthermore, Plaintiff believes, and therefore avers, that Defendant Bethel Park knew, or should have known, that Defendant O'Connor previously engaged in illegal, aggressive and excessive conduct substantially similar to that described hereinbefore above towards other citizens, which resulted in additional civil rights violations to those citizens.

61.     Moreover, as chief of police for Defendant Bethel Park, Defendant O'Connor purported to act as a policy maker and/or decision maker for Defendant Bethal Park.

62.     As a direct result of the acts described hereinbefore above, perpetrated by the named Defendant, Plaintiff suffered the following injuries and damages:

      a.     violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution;

      b.     extreme physical pain and suffering;

      c.     fright, horror and shock;

      d.     emotional trauma and suffering; and

      e.     economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Bethel Park, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment

interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT O'CONNOR

VIOLATION OF PLAINTIFF'S<br>PENNSYLVANIA COMMON LAW RIGHTS

ASSAULT AND BATTERY

63.     Plaintiff incorporates by reference Paragraphs 1 through 62 as though fully set forth at length herein.

64.     Defendant O'Connor intentionally, willfully and maliciously repeatedly struck the Plaintiff in the head, face and abdomen with his fists while the Plaintiff was lying on his back, as more fully described hereinbefore above.

65.     The actions of Defendant O'Connor were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant O'Connor to punitive damages.

66.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant O'Connor, Plaintiff suffered the following injuries and damages:

      a.      violation of Plaintiff's rights under the Common Law of Pennsylvania;

      b.      extreme physical pain and suffering;

      c.      fright, horror and shock;

      d.      emotional trauma and suffering; and

      e.      economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant O'Connor in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendant. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT O'CONNOR

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.     Plaintiff incorporates by reference Paragraphs 1 through 66 as though fully set forth at length herein.

68.     Defendant O'Connor acted in an outrageous manner with the intention of inflicting emotional distress upon the Plaintiff.

69.     Defendant O'Connor knew, or should have known, through the use of ordinary caution, that their conduct would result in the emotional distress of the Plaintiff.

70.     The emotional distress of the Plaintiff, which resulted from the actions of Defendant O'Connor, was foreseeable and certain.

71.     The actions of Defendant O'Connor were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting these Defendants to punitive damages.

72.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant O'Connor, Plaintiff suffered the following injuries and damages:

    a.      violation of Plaintiff's rights under the Common Law of Pennsylvania;

b.      extreme physical pain and suffering;

c.      fright, horror and shock;

d.      emotional trauma and suffering; and

e.      economic damages related to any and all medical and/or other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant O'Connor in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendant. and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  April 6, 2020